UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM TILLOTSON,

                Plaintiff,                            Case No. 15-cv-14479

v.                                                    Honorable Thomas L. Ludington

THE MANITOWAC COMPANY, INC.,

                Defendants.
_____/

**ORDER GRANTING MOTION TO AMEND ADMISSIONS**

On December 29, 2015, Plaintiff Kim Tillotson filed this suit against Defendants The Manitowoc Company, Inc. ("Manitowoc"), and Matrix Absence Management. ECF No. 1. On January 6, 2016, Tillotson filed an amended Complaint. ECF No. 4. In that amended Complaint, Tillotson alleges that Defendants violated the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the Michigan Elliot-Larsen Civil Rights Act, Mich. Comp. L. § 372201 *et seq.*, by refusing to allow Tillotson to take FMLA-qualifying medical leave and by engaging in age discrimination. *Id.* On March 2, 2016, the parties stipulated to the dismissal of Defendant Matrix Absence Management. ECF No. 13.

On August 19, 2016, Tillotson filed a motion for leave to amend admissions made in response to Defendants' request for admissions. ECF No. 20. In the motion, Tillotson explains that two of Tillotson's counsel were working together to prepare and review the responses prior to the deadline for submitting them. Due to a miscommunication, each attorney believed that the other was sending the responses to Manitowoc. The miscommunication was not discovered until after both attorneys had returned from vacations, at which time the deadline to respond to the request for admissions had passed. Tillotson now asks that the Court grant leave to submit the

responses to the request for admissions which were prepared but not timely sent. Although approximately two months have passed since Tillotson filed his motion, Manitowoc has not filed a response brief. The Court will grant the motion.

Pursuant to Fed. R. Civ. P. 36, a party has 30 days to respond to a request for admissions. Further,

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

*Id.* at 36(b).

A request to file late answers to requests for admissions is governed by the same test, quoted above, that governs whether a party may withdraw or amend an admission. *Herrin v. Blackman*, 89 F.R.D. 622, 623–24 (W.D. Tenn. 1981). District courts have "considerable discretion" in determining whether to allow withdrawal or amendment of admissions. *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991). *See also Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997). "The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" *Riley v. Kurtz*, 194 F.3d 1313 (6th Cir. 1999) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)). The requesting party is prejudiced under the second prong of the 36(b) test if the party would have "'special difficulties'" in obtaining necessary evidence after the admission was withdrawn or amended. *Riley*, 194 F.3d at 1313 (quoting *Kerry*, 106 F.3d at 154). Prejudice is not established simply if the party will be required to convince the factfinder of an additional fact. *Id.*

In this case, both prongs are satisfied. First, the admissions requested went to the heart of several ultimate issues in the case, including whether Tillotson was even employed at

- 3 -

Manitowoc, whether Manitowoc interfered with Tillotson's leave rights under the FMLA, and whether Manitowoc retaliated against Tillotson for any FMLA leave requests. Requests for Admissions at 4–8, ECF No. 20, Ex. 1. If Tillotson were not given leave to file the admissions, there would be no genuine issues of material fact remaining. Further, Manitowoc will not be prejudiced. Although discovery in this case ended on October 3, 2016, there is no indication that Manitowoc has relied in any way on Tillotson's failure to respond to the request for admissions. In fact, Manitowoc's decision to not file a brief in opposition to Tillotson's motion suggests that Manitowoc expects to have to defend this case on its merits. Because Tillotson filed this motion well before discovery ended, Manitowoc had significant notice that it should conduct discovery as to the disputed issues of fact, notwithstanding Tillotson's failure to respond to the request for admissions. Thus, prejudice does not exist.[1] Because the Rule 36(b) test is satisfied, Tillotson's motion will be granted.

Accordingly, it is **ORDERED** that Plaintiff Kim Tillotson's motion for leave to amend admissions, ECF No. 20, is **GRANTED.**

It is further **ORDERED** that the hearing scheduled for October 24, 2016, is **CANCELED.**

Dated: October 17, 2016    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

[1] Should Manitowoc believe that Tillotson's responses to the request for admissions raises new issues or necessitates additional discovery, the Court is amenable to allowing limited additional discovery upon good cause shown. The Court expects Tillotson to cooperate with reasonable requests to that effect by Manitowoc. However, because Manitowoc had notice that Tillotson had intended to respond to the request for admissions during discovery, the Court expects that no new discovery will be necessary.

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 17, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager